**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

U.S. DISTRICT COURT
DISTRICT OF MAINE
BANGOR
RECEIVED & FILED

2026 OCT 16 A 11:57

UNITED STATES DEPARTMENT
OF AGRICULTURE,

PLAINTIFF

v.

CECILE M. TRACY,
a/k/a CECILE M. WHITMORE

DEFENDANTS

COUNTY FEDERAL CREDIT UNION,
FORD MOTOR CREDIT COMPANY, and
CARY MEDICAL CENTER,

PARTIES-IN-INTERESTS

**CIVIL ACTION NO.:**
**1:25-cv-00277-JAW**

**JUDGMENT OF FORECLOSURE AND ORDER OF SALE**

**(Title to Real Estate Involved)**

**Mortgage Recorded in Aroostook County Registry of Deeds at Book 4763, Page 323**
**Street Address: 403 North Wade Road, Wade Maine**

This matter came on before the Court upon the Motion for Default Judgment (the "Motion") filed by Plaintiff United States Department of Agriculture (the "Plaintiff") seeking judgment by default against Defendant, Cecile M. Tracy (the "Defendant"). Upon consideration of the Motion and other filings in this case, this Court finds as follows:

1. Pursuant to 14 M.R.S.A § 2401(3), this Court finds that:

   a. The names and addresses of the parties and counsel of record are as follows:

| Party | Counsel |
|---|---|
| United States Department of Agriculture<br>P.O. Box 66827<br>St. Louis, MO 63166. | Stephean C. Chute, Esq., Bar No. 06828<br>Braucher & Associates, PLLC<br>764 Chestnut Street, Suite 1<br>Manchester, NH 03104 |
| County Federal Credit Union<br>82 Bennett Drive,<br>Caribou, Maine 04736. | None |
| Ford Motor Credit Company<br>1 American Road, Dearborn, Michigan 48126 | None |
| Cary Medical Center<br>163 Van Buren<br>Road, Ste. 1, Caribou, Maine 04736 | None |

b. The docket number of this case is **1:25-cv-00277-JAW**

c. Service of the documents required by Fed. R. Civ. P. 4(e)(1) was made in hand upon the Defendant, and the Defendant has received notice of this action in accordance with the Maine Rules of Civil Procedure. Me..R.Civ. P. 4(c)(2); and

d. The property upon which Plaintiff seeks to foreclose in this case (the "Property") is adequately described in ¶ 4 m. below.

2. Defendant Cecile M. Tracy was served on or about March 17th, 2025 by certified mail with the statutory notice pursuant to 14 M.R.S.A. § 6111 of Notice Of Default And Right To Cure which set out the default under terms of the Promissory Note and Mortgage: [ECF 1-7 ]

a. Defendant defaulted upon the terms of the Loan as evidenced by the Promissory Note on April 26th 2021 by failure to make the payments when due;

b. Notice was made to the Defendant of the Right To Cure the default by April 26th 2025;

c. As of the date of the § 6111 Notice Of Default And Right To Cure, the amount needed to cure the default was $44,838.75 which was itemized as follows:

| | |
|---|---|
| Past due payments of principal, interest and escrows: | $ 42,030.57 |
| Preservation and inspection fees: | $ 4137.60 |
| Late Charges: | $ 827.80 |
| Attorney's Fees and Costs: | $ 2020.00 |
| Less Subsidy: | $ - 4227.22 |
| TOTAL CURE AMOUNT | $ 44,838.75 |

d. Upon qualified testimony and the record within this Court, Defendant failed to make a cure of the default.

3. On August 8th, 2025, the Clerk entered an Entry of Default, against the Defendant because of his failure to appear, plead or otherwise defend this action. [13]

4. By virtue of the default, the following allegations of the Complaint are established as facts:

a. This is an action for foreclosure and sale respecting the real property located at or about 403 North Wade Road, Town of Wade, County of Aroostook, and State of Maine (the "Property");

b. Defendant is an individual residing at 403 North Wade Road, Town of Wade, County of Aroostook and State of Maine;

c. On or about October 26, 2009, Defendant executed and delivered a promissory note (the "Note") to the Plaintiff in the original principal amount of $113,855.00; A true copy of the Note is attached as Exhibit 1 to the Complaint;

d. To secure the debt evidenced by the Note, and all extensions and renewals of that debt, the Defendant, on or about October 26, 2009, granted a mortgage (the "Mortgage" and with the Note, the "Loan Documents) against the Property (the "Property"). A true copy of the Mortgage is attached as Exhibit 2 to the Complaint;

e. The Mortgage secures the obligations of the Defendant under the terms of the Note;

f. The Property is more particularly described in the Mortgage recorded in the Aroostook County Registry of Deeds in Book 4763, Page 323;

g. Under the terms of the Loan Documents, if Borrower defaulted in the payment of the obligations evidenced by Note and secured by the Mortgage, Plaintiff may declare the entire amount due under the Note, and any other amounts owed to the Plaintiff under Mortgage, to be immediately due and payable in full

and then, upon that acceleration of the Note, foreclose the mortgage by any method provided by law in the relevant jurisdiction;

h. Defaults now exist under the terms of the Note in that, among other things, the Defendant failed to make the monthly payment that came due under the Note on April 26th, 2021, and all other payments that have come due thereunder;

i. Plaintiff has certified that it is the owner and holder of the Note and owner of the Mortgage, and that it is the party entitled to enforce the Note as the owner and holder of the same;

j. As a result of the defaults under the terms of the Note, the Defendant has breached the condition of the Mortgage;

k. The Defendant has been defaulted under Fed. R. Civ. P. 55(b)(2);

l. By virtue of the Borrower's and/or the Defendant's breach of a condition of the Mortgage, the Plaintiff has demanded a foreclosure on the Property;

m. As set forth in the Mortgage attached as Exhibit 2 to the Complaint, the Property is bounded and described as follows:

**EXHIBIT A**

A certain lot or parcel of land, together with any buildings and improvements thereon being a part of Lot numbered Forty-five (45) in the north part of the Town of Wade, County of Aroostook, State of Maine, according to a survey and plan by Oak and Hardison, Surveyors, in 1887, bounded and described as follows:

Beginning at a point marked by an iron stake which stake is located a distance of one hundred sixty five (165) feet easterly from the intersection of the west line and the south line of said Lot 45; thence in a northerly direction along the east line of a lot of land now or formerly owned or occupied by William Sargent a distance of eleven (11) rods to a point; thence easterly at right angles a distance of twenty-nine (29) rods to a point; thence southerly at right angles a distance of eleven (11) rods to a point in the south boundary of said Lot numbered Forty-five (45); thence westerly at right angles a distance of twenty-nine (29) rods to the point of beginning.

Excepting and Reserving that portion of Lot 45 now or formerly used by the Town of Wade as a public highway.

5. As of October 16, 2026, the amount due and owing to the Plaintiff under the terms of the Note and the Mortgage totaled $167,167.40, and consisted of the following:

| | |
|---|---|
| Principal | $91,952.52 |
| Interest to October 16, 2026 | $25,570.27 |
| Subsidy | $22,014.74 |
| Other Fees | $27,629.87 |
| TOTAL | $167,167.40 |

Additional interest continues to accrue on the principal portion of this balance at the rate of $12.5962 per day after that date.

6. Pursuant to 14 M.R.S.A § 1602-B(2), pre-judgment interest is accruing on the principal portion of this balance at the Note rate of 5.00% per year, or $12.5962 per day, from and after, May 20, 2026, through and including the date of this Judgment.

7. Pursuant to 14 M.R.S. § 1602-C, post-judgment interest will accrue upon entry of the Judgment at the rate of 9.51%. Post-judgment interest on any post-sale deficiency will be at the "money judgment" rate set forth in 28 U.S.C.§1961.

8. Plaintiff has incurred costs in the amount of $6,405.22 and costs of $1,274.78 for legal services which is separately supported by the Affidavit of Counsel specifying services, billed hours and rates provided by its counsel in connection with this action. Plaintiff is awarded its attorney's fees and costs in the amount of $7,680.00 as due and owing on the Note and Mortgage.

9. Plaintiff's claim for attorney's fees is allowed pursuant to Federal Rule of Civil Procedure 54(d)(2)(A).

10. The Plaintiff is entitled to add any additional amounts advanced by Plaintiff to protect its mortgage security after the date of Judgment, and for any additional costs of sale hereafter incurred.

11. The order of priority of the claims of the parties who have appeared in this action is as follows:

FIRST: Plaintiff, by virtue of the Mortgage, in the above amounts and attorney's fees and costs.

SECOND: The surplus, if any, shall be paid to the clerk of this Court, who shall hold the surplus in escrow for 6 months for the benefit of the Defendant, the Defendant's successors, heirs or assigns and, if the surplus remains unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes unclaimed under the Uniform Unclaimed Property Act, and report and pay it to the State in accordance with that Act, all as provided in 14 M.R.S.A § 6324.

ACCORDINGLY, it is hereby **ORDERED** that:

A. Unless within ninety (90) days from the date hereof, the Defendant pays Plaintiff the amount owing on the Note and the Mortgage, together with accrued interest and attorney's fees and costs, all as set forth above, the Plaintiff shall sell the Property pursuant to 14 M.R.S.A. § 6321 *et seq*. and disburse the proceeds of said sale, after deducting the expenses thereof, in the amounts and priorities as determined above.

B. The Plaintiff is granted exclusive possession of the Property upon expiration of the statutory ninety (90) day redemption period, if it is not redeemed within the time set forth above, as aforesaid.

C. A Writ of Possession shall be issued to the Plaintiff for possession of the Property if it is not redeemed within the time set forth above, as aforesaid.

D. The Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to Fed. R. Civ. P. 54(b), except as to any additional post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security.

DATED: October 16, 2026

[signature]

Judge, United States District Court
for the District of Maine